NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINLIN LIU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 14-71029

Agency No. A200-796-193

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 24, 2023[**]
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Linlin Liu, a citizen of China, petitions pro se for review of a Board of

Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge

(IJ) order denying her applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We review the BIA's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). When the BIA relies in part on the IJ's opinion, we review those parts of the IJ's adverse credibility findings on which the BIA relied. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the IJ's adverse credibility determination. When making a credibility assessment, an IJ must consider "the totality of the circumstances" and "all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ may consider inconsistencies, inaccuracies, and falsehoods in the testimony and record "without regard to whether" they "go[] to the heart of the applicant's claim." *Id.* "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Instead, "our review will always require assessing the totality of the circumstances." *Id.*

Here, the IJ identified specific inconsistencies in Liu's testimony regarding where she lived in the United States, her reasons for relocating within the United States, her living situations, when she began learning English, and why she came to the United States. Taken together, these inconsistencies form a legitimate basis for

discrediting Liu's testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (noting that "even minor inconsistencies" may have a "legitimate impact . . . on credibility"). Liu has not contested the inconsistencies but argues that she was nervous when she testified. But Liu has not shown that the IJ was required to accept this explanation.[1]

2. Even assuming Liu testified credibly, substantial evidence supports the BIA's alternative determination that Liu failed to show entitlement to relief. To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petitioner may satisfy that burden by demonstrating past persecution or a well-founded fear of future persecution that is objectively reasonable. *Sharma*, 9 F.4th at 1065.

Substantial evidence supports the BIA's determination that the mistreatment Liu endured in China did not rise to the level of persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Id.* at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th

---

[1] Liu further argues that the IJ erred in discrediting her testimony because she did not have witnesses or letters corroborating her practice of Christianity in the United States. However, the BIA explicitly declined to reach this issue, and we consider only the grounds relied upon by the BIA in reaching its decision. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).

Cir. 2009)). Here, Liu did not suffer physical harm beyond a few bruises. *See id.* at 1061 ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."). She also was only detained for three hours. *See Gu v. Gonzales*, 454 F.3d 1014, 1017–18 (9th Cir. 2006) (three-day detention and single beating did not compel finding of past persecution). Neither of those incidents was part of a pattern of serious maltreatment. *See Sharma*, 9 F.4th at 1061 ("[S]erious maltreatment that is sustained and recurring is more likely to compel the conclusion of past persecution."). And, although Liu had to report to the police regularly, she suffered no further detentions or physical harm. Under these circumstances, the BIA could conclude that Liu failed to demonstrate past persecution.

Substantial evidence also supports the BIA's conclusion that Liu's fear of future persecution is not objectively reasonable. *See Duran-Rodriguez*, 918 F.3d at 1029. Liu's evidence that the police are looking for her is limited. Based on communication with her parents, Liu asserts the police will charge her with failure to report during a period of supervision. But the agency could reasonably conclude that even if this possible punishment were not speculative, it would not rise to the level of persecution. That Liu's parents continue to reside safely in China further "undermines a reasonable fear of future persecution." *Sharma*, 9 F.4th at 1066. Finally, Liu has not shown that the record compels the conclusion that she will be

4

prevented from practicing her religion if returned to China.

Because substantial evidence supports the denial of asylum, Liu has "necessarily failed to meet the more stringent 'clear probability' burden required for withholding of removal." *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (alterations omitted).

3. Substantial evidence supports the agency's denial of CAT relief. To qualify for CAT protection, Liu must show it is more likely than not that she will be tortured by or with the acquiescence of the Chinese government if removed. 8 C.F.R. § 208.16(c)(2). But Liu has not shown past torture or a likelihood of future torture if removed.

**PETITION DENIED.**